**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALVIN GEORGE WHITE, JR. | ) | |
| | ) | Civil Action No. 11 - 1123 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| LAWRENCE COUNTY JAIL and | ) | |
| C/O LARRY MCCONOHAY | ) | ECF No. 15 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On April 26, 2011, Plaintiff, Alvin George White, Jr., commenced this action under 42 U.S.C. § 1983 (ECF No. 5) alleging violations of his constitutional rights while incarcerated at the Lawrence County Jail.  Plaintiff named as Defendants the Lawrence County Jail and Larry McConohay, a Correctional Officer at Lawrence County Jail. Defendants have filed a motion to dismiss Plaintiff's Complaint (ECF No. 15) as well as a brief in support of the motion (ECF No. 16).  The case was erroneously filed in the Eastern of District of Pennsylvania and properly transferred to this Court by Judge Mary A. McLaughlin (EFC No. 19) on September 1, 2011.  On January 11, 2012, Defendants filed consent to the jurisdiction of the Magistrate Judge (ECF No. 25) and on January 23, 2012 consent was filed by Plaintiff (ECF No. 26). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 15) is granted and Plaintiff's claims against it are dismissed with prejudice.

### A.  Standard of Review

1

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007).  "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents.  Id. (citations omitted).  Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment.  Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).  *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).  Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### B.  Plaintiff's Allegations

On Wednesday, November 17, 2010, Plaintiff was housed on C-block in the Lawrence County Jail.  (ECF No. 5 at 2.)  He claims that, at around 7:30 p.m., the block guard, Officer Martino, fell asleep at his desk.  (ECF No. 5 at 3.)  Plaintiff alleges that when Defendant McConohay came to relieve Officer Martino, he found him asleep.  (ECF No. 5 at 3.)  At that point, Plaintiff states, Defendant McConohay accessed his cell phone and began to film his sleeping colleague, then without warning or consent, turned the camera on Plaintiff.  (ECF No. 5 at 3.)

According to the Complaint, jail administrators were made aware that the clip was posted to the video sharing website YouTube and required Plaintiff to provide a written statement of the

event.  (ECF No. 5 at 3.)  Plaintiff also claims that he was informed "that [his] civil rights were violated" and that Defendant McConohay was suspended or fired for the incident.  (ECF No. 5 at 3.)

Plaintiff claims no physical injuries but alleges "some mental issues" relating to his visage being posted on the internet.  (ECF No. 5 at 3.)  While Plaintiff does not enumerate specific causes of action, he asserts that his rights were violated, and asks to recover one million dollars.  (ECF No. 5 at 5.)

## C.  Defendants' Motion to Dismiss

In support of dismissal, Defendants assert that Plaintiff has failed to plead a cognizable constitutional violation of his civil rights.  Additionally, Defendants assert that the Lawrence County Jail is not a proper defendant and that Plaintiff has failed to plead sufficient facts to establish municipal liability with respect to Lawrence County and any official capacity claim he may be asserting against Defendant McConohay.

1.  <u>No Violation of Constitutional Rights</u>

Plaintiff asserts that the act of filming a prisoner without his consent violates the prisoner's constitutionally protected civil rights.  Construing Plaintiff's complaint liberally, we identify two constitutional sources on which he may base his § 1983 claim: a substantive right to privacy under either the Fourth or Fourteenth Amendments.

a.  <u>Fourth Amendment Right of Privacy</u>

The Fourth Amendment right to privacy is not implicated in Plaintiff's situation. Incarcerated persons have no right of privacy in prison. <u>Hudson v. Palmer</u>, 468 U.S. 517, 526 (1984) ("society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell . . . . The recognition of privacy rights for prisoners

4

in their individual cells simply cannot be reconciled with the concept of incarceration").  Because Plaintiff has no expectation of privacy in his cell, a claim under the Fourth Amendment fails.

      b.  Fourteenth Amendment Right of Privacy

The Supreme Court has identified two types of privacy interests under the Fourteenth Amendment: "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions."  Whalen v. Roe, 429 U.S. 589, 599-600 (1977).  The former type of interest concerns us here.

"The constitutional right of privacy is not to be equated with the common law right recognized by state tort law. Thus far only the most intimate phases of personal life have been held to be constitutionally protected."  McNally v. Pulitzer Pub. Co., 532 F.2d 69, 76 (8th Cir. 1976) (citing Roe v. Wade, 410 U.S. 113, 152-54 (1973); Eisenstadt v. Baird, 405 U.S. 438, 453-54 (1972); Stanley v. Georgia, 394 U.S. 557, 564-65 (1969); Griswold v. Connecticut, 381 U.S. 479, 484-86 (1965)).  Plaintiff's incarceration is a matter of public record, and therefore, not an intimate fact.  An "action for invasion of privacy cannot be maintained when the subject matter of the publicity is matter of public record."  Connick v. Myers, 461 U.S. 138, 143 (1983) (citing Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)).  Since no constitutionally protected personal matters were disclosed, a claim under the Fourteenth Amendment also fails.

Because Plaintiff pled no cognizable constitutional civil rights violations, Defendants' motion to dismiss must be granted.[1]

2.  Lawrence County Jail

---

[1]    This Court expresses no opinion as to a possible state court action for a violation of Plaintiff's right of privacy and/or publicity.

Here, Plaintiff names the Lawrence County Jail as a Defendant to this suit.  The jail, however, is a building and not an entity subject to suit under 42 U.S.C. § 1983.  *See, e.g.,* Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) ("state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Howie v. Allegheny County, 2009 WL 1309749, at *2 (W.D. Pa. 2009) ("Here, the claims asserted against the [jail] are subject to dismissal because jail facilities are not 'persons' for the purpose of § 1983 liability.").  Therefore, the Lawrence County Jail is not an entity that is properly subject to suit and would be dismissed as a Defendant to this action even if Plaintiff's Complaint was not deficient for failure to plead a cognizable constitutional violation.  Moreover, even if Plaintiff were allowed to amend his Complaint to name Lawrence County as the proper defendant, such as a claim would still fail as discussed below.

3.  Defendant McConohay (Official Capacity)/Municipal Liability

As to Defendant McConohay, Plaintiff does not state whether he is being sued in his individual or official capacity.  While actions brought against a government official in his or her individual or personal capacity seek to impose liability on the government official for actions taken under color of state law, official capacity claims represent another way to sue the municipality of which the officer is an agent.  *See, e.g.,* Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) ("personal capacity damage suits under § 1983 seek to recover money from a government official, as an individual, for acts preformed under color of state law, whereas official capacity suits are duplicative of the claims against the municipality and 'generally represent only another way of pleading an action against an entity of which an officer is an agent . . . .'") (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)); Brice v. City of York, 528 F.Supp.2d 504, 516 n.19 (M.D. Pa. 2007) (claims against state officials in their official capacities merge as a matter of law with the municipality that employs them), (citing

*inter alia*, <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)).  As such, assuming Plaintiff seeks to hold Defendant McConohay liable in his official capacity, the proper party to this action would be Lawrence County.

However, a local government like Lawrence County may not be sued under § 1983 for an injury solely inflicted by its employees or agents.   <u>Monell</u>, 436 U.S. at 695.   Instead, a governmental unit may be liable under § 1983 only when a "policy" or "custom," whether made by its lawmaker or other officials, directly inflicted the injury.  <u>Id</u>. at 694.  Mere identification of a policy or custom is not enough to establish liability; a plaintiff must also show a "direct causal link" between the policy and the constitutional violation.   <u>Board of Conty Com'rs of Bryan County, Okl., v. Brown</u>, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

Even if Plaintiff were allowed to amend his Complaint in order to name Lawrence County as a defendant, Plaintiff's Complaint would still be subject to dismissal because he cannot demonstrate that a county policy or custom was the moving force behind his alleged civil rights violation.  Here, there was no official policy or custom by Lawrence County that led to Plaintiff being videotaped by Defendant McConohay.  In fact, Plaintiff even alleges that Defendant McConohay broke Lawrence County Jail policy by using a camera phone while in the jail and he was reprimanded for his conduct.

Additionally, Plaintiff claims that the jail is responsible for the action or inaction of its employees.  However, liability of municipalities and local government entities may not be based on the doctrines of *respondeat superior* or vicarious liability.  *See*, *e.g.,* <u>Colburn v. Upper Darby Twp.</u>, 946 F.2d 1017, 1027 (3d Cir. 1991); <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359 (2011)

("[Local governments] are not vicariously liable under § 1983 for their employees' actions.").  As noted above, municipal liability only exists "when execution of a government's policy or custom . . . inflicts the injury. . . ." <u>Monell</u>, 436 U.S. at 694.

Because Plaintiff has failed to plead sufficient facts to establish municipal liability with respect to any official capacity claim he may be asserting against Defendant McConohay and allowing Plaintiff to amend his Complaint to plead a claim against Lawrence County would be futile, Plaintiff's Complaint is subject to dismissal in this regard as well.

### D.  Conclusion

Plaintiff's Complaint fails to set forth a viable § 1983 claim against Defendants.  It follows that Defendants' Motion to Dismiss (ECF No. 15) is granted and Plaintiff's claims are hereby dismissed with prejudice.  An appropriate order follows.

### ORDER

**AND NOW**, this 21st day of February, 2012;

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED** and Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:   Alvin George White, Jr.

JW-0005
SCI Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

Counsel of Record